UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DERRIC PRICE | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:23-CV-03042 |
| | ) |
| v. | ) |
| | ) Judge Edmond E. Chang |
| | ) |
| NATIONSTAR MORTGAGE LLC, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

In February 2023, Derric Price entered an agreement to buy a condo in Chicago's Lakeview neighborhood from Nationstar Mortgage. R. 26, Am. Compl. ¶¶ 8, 10, 14.[1] Price paid an earnest money deposit to the escrow agent and obtained mortgage financing. *Id.* ¶¶ 13, 16. But—for reasons that are not entirely clear—the purchase failed to close as scheduled. *Id.* ¶¶ 22–23, 25.

Price filed this action *pro se*, seeking to compel Nationstar to complete the purchase agreement.[2] *See* Am. Compl. Nationstar now moves to dismiss the complaint

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

[2]This Court has diversity jurisdiction over this case. 28 U.S.C. § 1332(a). Specifically, Price is a citizen of Illinois. Am. Compl. ¶ 3. Nationstar is a citizen of Delaware and Texas because it is an LLC whose members are all wholly owned by Nationstar Mortgage Holdings, Inc., which is incorporated in Delaware and has its principal place of business in Texas. R. 34, Def.'s Supp. Corp. Disclosure Statement ¶¶ 2–3. The amount in controversy requirement is satisfied because Price seeks specific performance of the contract to purchase a condo worth around (based on the parties' contract) $1,123,500, which readily exceeds the jurisdictional minimum. R. 44-1, Residential Purchase Agreement § 1(c). *See BEM I, L.L.C. v.*

under Civil Rule 12(b)(6) for failure to adequately plead the claim, and requests an award of attorneys' fees under the terms of the contract. R. 43, Def.'s Mot. Nationstar's motion to dismiss is granted, but the request for attorneys' fees need not be decided right now.

## I. Background

In considering a motion to dismiss, the Court accepts all well-pleaded factual allegations in the operative complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "We consider documents attached to the complaint as part of the complaint itself. Such documents may permit the court to determine that the plaintiff is not entitled to judgment." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010), as amended (Dec. 16, 2010) (cleaned up).[3]

In February 2023, Derric Price entered an agreement to buy a condo in Chicago's Lakeview neighborhood from Nationstar Mortgage. Am. Compl. ¶¶ 10, 14. The agreement provided, in relevant part, for establishing an escrow account in which Price would deposit earnest money, and then later deposit the full purchase price for the condo before closing. Residential Purchase Agreement §§ 1, 3. But if the deal came

---

*Anthropologie, Inc.*, 301 F.3d 548, 553 (7th Cir. 2002) (upholding jurisdiction over complaint for injunctive relief where the cost to the defendant would exceed the jurisdictional minimum).

[3]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

2

apart, the agreement provided that both parties waived all rights to sue for specific performance. *Id.* § 12(c). Also, the parties agreed to an "Auction Addendum," which provides that the prevailing party is entitled to recover reasonable attorneys' fees in a suit over the purchase agreement. R. 44-1, Auction Addendum § 14.

Price wired his earnest-money deposit to the escrow agent and obtained mortgage financing Am. Compl. ¶¶ 13, 16. For reasons that are not entirely clear, the deal failed to close as scheduled. *Id.* ¶¶ 22–23, 25. Price says that he remains "ready, willing and able to close" the transaction. *Id.* ¶ 18. But the complaint does not say whether Price deposited the rest of the purchase price into the escrow account, as required by the contract to complete the transaction. *See id.*; Residential Purchase Agreement § 3.B. Price appears to claim that the failed closing was related to the continued occupancy of the unit by a former owner or their tenants; he blames Nationstar for that problem. Am. Compl. ¶¶ 19–20.

Price now seeks an order of specific performance to force the completion of the transaction. *Id.* ¶ 32. Nationstar moves to dismiss the complaint for failure to adequately state a claim, and seeks an award of attorneys' fees. Def.'s Mot.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up). The Seventh Circuit has explained that this

3

rule "reflects a liberal notice pleading regime, which is in-tended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)) (cleaned up).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79. Because Price is a pro se litigant, the Court must construe the complaint expansively. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). If there is an arguable basis for a claim in fact or law, then leave to proceed will be granted. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### III. Analysis

### A. Specific Performance

The only relief that Price seeks is specific performance of the contract to purchase the condo. Am. Compl. ¶¶ 1, 5. His complaint asserts no request for damages, nor any alternative relief. *See* Am. Compl. Price argues that he "stood at all times ready, willing, and able to perform his obligations under the contract," but that Nationstar has refused to perform its portion of the agreement, so he is entitled to an

4

order for specific performance. *Id.* ¶¶ 6–7. Nationstar responds that the agreement "explicitly proscribes [Price's] ability to bring a claim for specific performance," and provides that return of his earnest money is his exclusive remedy. R. 44, Def.'s Br. at 1.

To state a claim for specific performance, "a plaintiff must allege (1) the existence of a valid, binding, and enforceable contract; (2) compliance by the plaintiff with the terms of the contract, or proof that the plaintiff was ready, willing, and able to perform the terms of the contract; and (3) the failure or refusal of the defendant to perform its part of the contract." *Lobo IV, LLC v. V Land Chicago Canal, LLC*, 138 N.E.3d 824, 846 (Ill. App. Ct. 2019) (cleaned up). When a contract is explicit, "a court must enforce the agreement as written." *Rakowski v. Lucente*, 472 N.E.2d 791, 794 (Ill. 1984). Contracts define the obligations, the rights, and the remedies available to the parties, and where parties unambiguously agree to limit their rights, those limitations are binding. *Wright v. Chicago Title Ins. Co.*, 554 N.E.2d 511, 514 (Ill. App. Ct. 1990). Generally speaking, parties with the capacity to contract cannot be relieved of the terms to which they agree. *Johnson v. Watson*, 169 Ill. App. 218, 224–25 (Ill. App. Ct. 1912); *see also Madison Square Garden Boxing, Inc. v. Ali*, 430 F. Supp. 679, 683 (N.D. Ill. 1977).

Here, specific performance cannot be granted: the contract between Price and Nationstar unambiguously disclaims any remedy of specific performance. *See* Residential Purchase Agreement § 12.C. The waiver says, "Buyer waives all rights to file and maintain an action against seller for specific performance and … buyer can be

5

adequately and fairly compensated solely by receiving a return of the earnest money deposit." *Id.* In executing the contract, Price even initialed this section of the contract. *Id.* The agreement also announces the waiver of specific performance in the agreement's preamble. *Id.*

Because the contract unambiguously waived specific performance as a remedy, the Court need not reach the issue of the sufficiency of Price's claim that he complied with the agreement and that Nationstar breached the agreement. Price alleges that he is "ready, willing and able to close" the purchase. Am. Compl. ¶ 17. His complaint implies that Nationstar has not held up its end of the bargain. *See id.* But none of that matters because the Court cannot compel a party to do something precluded by the terms of their contract. *See Schmidt v. Barr*, 165 N.E. 131, 135 (Ill. 1929) ("A court is without authority to compel a party to do something he did not contract to do."); *Toomey v. Toomey*, 98 F.2d 736, 739 (7th Cir. 1938) (reasoning that federal courts operating under diversity jurisdiction similarly lack authority to order actions foreclosed by a contract). Price cannot receive specific performance. Nationstar's motion to dismiss the complaint is granted. Because Price has already amended the complaint, and because he offers no reason to think that he can fix the pleading given the waiver of specific performance, the dismissal is with prejudice.

### B. Attorneys' Fees

Nationstar also moves for an award of attorneys' fees under the terms of its contract with Price. Def.'s Mot. Their contract says that the prevailing party in a suit on the contract is entitled to attorneys' fees, costs, and expenses. Auction Addendum

6

§ 14. But asking for contractual fee-shifting in a response brief on a dismissal motion is not the proper procedural vehicle for that request.

Instead, Nationstar must file its fee motion *after* entry of judgment in its favor. Civil Rule 54(d)(2) provides that a claim for attorney's fees or nontaxable expenses "must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2). This rule distinguishes fees for work done *before* litigation from fees for work done *during* the case. *See Rissman v. Rissman*, 229 F.3d 586, 588 (7th Cir. 2000). For contractual fee-shifting (like the provision at issue here), the proper time to seek fees is "after [the] decision, when the prevailing party has been identified and it is possible to quantify the award." *Id.* Like the defendant in *Rissman*, Nationstar must seek the fees under the contractual provision "after prevailing in the district court." *Id.* at 587.

Now that Nationstar has prevailed, it can file a separate motion for fees and nontaxable expenses. Ordinarily, under Civil Rule 54(d)(2)(B)(i), the motion would be due within 14 days of entry of judgment. But this District's Local Rule 54.3(b) gives Nationstar 91 days after entry of judgment to file the motion. Nationstar must follow the steps set forth in Local Rule 54.3(d), including conferral with Price and disclosures to him, before filing the motion. The parties should consider whether a settlement is the better course for both sides (for example, a definitive end of the case and release from Price in exchange for Nationstar not pursuing attorney's fees against him). But that is up to the parties to decide.

7

## IV. Conclusion

Nationstar's motion to dismiss, R. 43, is granted. The amended complaint, R. 26, is dismissed with prejudice. Nationstar's request for attorneys' fees will be considered later, upon the filing of a motion under Local Rule 54.3.

ENTERED:

        s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: April 21, 2025